IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    Plaintiff,<br><br>v.<br><br>KOBE WHITE MARSH, INC.,<br>8165-F Honeygo Boulevard<br>White Marsh, MD 21236<br><br>JAPANESE STEAK HOUSE IN<br>MANAPORT PLAZA, INC.,<br>5105-E Backlick Road<br>Annandale, VA 22003<br><br>KOBE JAPANESE STEAK HOUSE OF<br>CAPITAL CENTRE, INC.,<br>8165-F Honeygo Boulevard<br>White Marsh, MD 21236<br><br>    Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT AND JURY<br>TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, race, national origin, and retaliation, and to provide appropriate relief to Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraph 12, below, the U.S. Equal Employment Opportunity Commission alleges that Defendants Kobe White Marsh Inc., Japanese Steak House In Manaport Plaza, Inc., and Kobe Japanese Steak House of Capital Centre,

1

Inc., are liable for discriminating against such persons on the basis of sex, female, race and national origin, Hispanic, and retaliation, in that Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly situated individuals were repeatedly subjected to sexual, racial and national origin motivated harassment, including sexual advances, physical touching, and sexual, ethnic and racially derogatory and offensive comments, and that Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez were discharged on the basis of sex, race, national origin, and/or retaliation for opposing the harassment, and/or were forced to resign because their working conditions were so intolerable.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Kobe White Marsh, Inc., a Maryland corporation, has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant Kobe Japanese Steak House of Capital Centre, Inc., a Maryland corporation, has continuously been doing business in the State of Maryland and has continuously had at least 15 employees

6. At all relevant times, Defendant Japanese Steak House In Manaport Plaza, Inc., a Virginia corporation, has continuously been doing business in the State of Maryland, as well as other jurisdictions, and has continuously had at least 15 employees

7. At all relevant times, Defendant Kobe White Marsh, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

8. At all relevant times, Defendant Kobe Japanese Steak House of Capital Centre, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

9. At all relevant times, Defendant Japanese Steak House In Manaport Plaza, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

10. At all relevant times, Defendants, Kobe White Marsh Inc., Kobe Japanese Steak House of Capital Centre, Inc., and Japanese Steak House In Manaport Plaza, Inc. ("Defendants"), have operated as a single employer - joint employer/integrated enterprise - within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and in this regard have maintained interrelated operations; common management, directors and boards; centralized control of labor relations and personnel; and common ownership and financial control.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Kobe White Marsh Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least June 2003, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include, but are not limited to, the following:

   a) Defendants have subjected Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly situated individuals to sexual, racial and national origin harassment and a hostile work environment on the basis of their sex, female, and race and national origin, Hispanic, including but not limited to Defendants' supervisors', managements', employees' and/or customers' use of sexual, ethnic and racially derogatory and offensive comments, sexual advances, physical touching and other harassing behavior and discriminatory actions towards these employees based on sex, female, and race and national origin, Hispanic, in violation of Section 703(a) of Title VII;

   b) Defendants discharged Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez on the basis of their sex, female, and race and national origin, Hispanic, in violation of Section 703(a) of Title VII; and/or

   c) Defendants discharged Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez in retaliation for their opposition to practices made unlawful by Title VII in violation of 704(a) of Title VII; and/or

    d)    Defendants, by engaging in racial and national origin harassment made the conditions of employment so intolerable that Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez were forced to resign and thereby were constructively discharged in violation of Section 703 (a) of Title VII.

13.    The effect of the practices complained of in paragraph 12, above, has been to deprive Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female, and race and national origin, Hispanic, and because Marta Yolanda Elias Garcia and Francisca Elizabeth Carrillos Lopez engaged in the federally protected activity of opposing practices made unlawful by Title VII.

14.    The unlawful employment practices complained of in paragraph 12, above, were and are intentional.

15.    The unlawful employment practices complained of in paragraph 12, above, were and are done with malice or with reckless indifference to the federally protected rights of Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and a class of other similarly-situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from subjecting individuals to sex, race and national origin harassment and engaging in any other employment practice which discriminates on the basis of sex, race or national origin.

B.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in retaliatory conduct against persons because they oppose sex, race or national origin harassment or other practices made unlawful by Title VII.

C.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and Hispanics which eradicate the effects of their past and present unlawful employment practices, including: 1) the institution of effective sex, race and national origin harassment and non-retaliation policies; 2) the dissemination of these policies to all their managers and employees; and 3) mandatory training for all managers and employees regarding the legal prohibitions against employment discrimination, including sex, race and national origin harassment and retaliation in the workplace and the Defendants' race and national origin harassment and non-retaliation policies.

D.  Order Defendants to make whole Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly-situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12, above, in amounts to be determined at trial.

E.  Order Defendants to make whole Marta Yolanda Elias Garcia, Francisca Elizabeth Carrillos Lopez and other similarly-situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendants to pay punitive damages for the malicious and reckless conduct described in paragraph 12, above, in amounts to be determined at trial.

G.  Order Defendants to post a signed notice to all employees, conspicuously placed in Defendants' facility for a period of at least one year, that sets forth the remedial action required by the Court and informs all employees that Defendants will not discriminate against any employee because of race and national origin and that they will not take any action against employees because such employees have opposed practices made unlawful under Title VII or have exercised their federally protected rights under Title VII.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Jacqueline H. McNair by DMR*
JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia District Office
(including Baltimore Field Office)

_____
DEBRA M. LAWRENCE (Bar No. 04312)
Supervisory Trial Attorney

_____
CECILE C. QUINLAN (Bar No. 06072)
Senior Trial Attorney

EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2728
Facsimile number: (410) 962-4270